UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS R. SUTTILL, JR., <br> D/B/A FRAMINGHAM SHELL, <br><br> Plaintiff, <br><br> v. <br><br> MOTIVA ENTERPRISES LLC <br> AND EQUIVA SERVICES LLC, <br><br> Defendants. | Civil Action No. 04-CV-11194 RWZ |

### DEFENDANTS' <u>EMERGENCY</u> MOTION
### FOR EXTENSION OF TIME TO FILE OPPOSITION TO
### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Defendants, Motiva Enterprises LLC ("Motiva") and Equiva Services LLC ("Equiva") (collectively, the "Defendants"), hereby move to enlarge the time for Defendants to file their opposition to plaintiff's Motion for A Preliminary Injunction by thirty (30) days, up to and including July 21, 2004. In support of their request, Defendants state as follows:

1. Plaintiff brought this action by Verified Complaint filed with the Court on June 3, 2004. On June 8, 2004, plaintiff served both his complaint and his Motion For A Preliminary Injunction on defendants. By his complaint, plaintiff alleges that his Shell-branded franchise with Motiva was wrongfully terminated in February 2004, in violation of the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801 <u>et seq.</u> ("PMPA"), and further brings claims alleging misrepresentation, tortious interference with contractual relations, breach of contract, breach of the implied covenant of good faith and fair dealing, violation of Mass. Gen.

Laws chs. 93, 93A, 93E and 184, and violation of the Federal Trade Commission Act, 15 U.S.C. § 45 et seq.

2.   Having only recently been served with the action, Defendants request an additional thirty days for filing their opposition to plaintiff's motion for injunctive relief.[1] Defendants respectfully submit that the requested extension is both reasonable and necessary in order to conduct a thorough factual investigation into plaintiff's allegations and to prepare their opposition to plaintiff's motion for preliminary injunction.

3.   Defendants' requested extension of time is appropriate in light of the particular circumstances of this action. Section 2805(b) of the PMPA permits a franchisee to seek preliminary injunctive relief for an alleged wrongful termination of its franchise. Where termination or nonrenewal of a franchise is imminent, it might arguably be necessary for a motion for preliminary injunction to be adjudicated in expedited fashion, as such adjudication would be necessary to determine whether the status quo need be maintained before the termination or nonrenewal occurred. According to plaintiff's own complaint and motion for preliminary injunction, however, plaintiff left the premises at which he operated a Shell-branded franchise on February 24, 2004. (Pl.'s Compl. at ¶ 30; Pl.'s Mot. For Prelim. Inj. at 2.) Nearly four months later, plaintiff now asks this Court to reinstate him at the Framingham, Massachusetts service station he previously operated.

4.   Because the alleged improper termination occurred almost four months ago, the exigencies normally attendant to a motion for preliminary injunction seeking to enjoin a franchisor (where the termination that has not yet transpired) do not exist here. Indeed, in

---

[1] By separate motion filed simultaneously with the Court, Defendants likewise seek an extension of time to answer or otherwise respond to plaintiff's Verified Complaint.

certain circumstances, delay in seeking preliminary injunctive relief under the PMPA is itself grounds for denying the request. See Kesselman v. Gulf Oil Corp., 479 F. Supp. 800, 804 (E.D. Pa. 1979), aff'd without opinion, 624 F.2d 1090 (3d Cir. Pa. 1980) (denying motion for preliminary injunction pursuant to PMPA, and noting that "section 2805(b)(4) of the PMPA provides that a court need not exercise its equity powers to compel the continuation or renewal of a franchise relationship if the suit by the plaintiff commenced more than ninety days after the date on which notice of nonrenewal was served").

5. Counsel for Defendants has communicated with Attorney Jennifer A. O'Brien, counsel for plaintiff, who indicated that plaintiff would agree only to an extension of time to June 28, 2004.

**WHEREFORE**, for all of the foregoing reasons, and because of the nature of the extraordinary relief sought by plaintiff in his motion, Defendants request that the Court grant this motion to enlarge the time to file their opposition to plaintiffs' Motion For A Preliminary Injunction by 30 days, to and including July 21, 2004.

Dated: June 21, 2004

**DEFENDANTS,
MOTIVA ENTERPRISES, LLC AND
EQUIVA SERVICES LLC**
By Their Attorney

_/s/ Gregg P. Goumas_
Gregg P. Goumas (BBO #643661)
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103-1919
(860) 251-5000

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Defendants, by and through counsel, hereby certify that they have conferred with all counsel of record in a good faith attempt to resolve or narrow the issues raised in this motion.

_/s/ Gregg P. Goumas_
Gregg P. Goumas

### CERTIFICATE OF SERVICE

I, Gregg P. Goumas, hereby certify that on this 21st day of June, 2004, I served a copy of the foregoing motion on all parties to this action by mailing same, via First Class Mail, postage prepaid, to all counsel of record.

Signed under the pains and penalties of perjury.

_/s/ Gregg P. Goumas_
Gregg P. Goumas

374891 v.01 S1