## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS R. SUTTILL, JR., D/B/A FRAMINGHAM SHELL, ) ) ) ) Plaintiff, ) ) v. ) ) MOTIVA ENTERPRISES LLC ) AND EQUIVA SERVICES LLC, ) ) Defendants. ) ) | Civil Action No. 04-CV-11194 RWZ |

## MOTIVA ENTERPRISES LLC AND EQUIVA SERVICES LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' VERIFIED COMPLAINT

The defendants, Motiva Enterprises LLC ("Motiva") and Equiva Services LLC ("Equiva"), for their Answers and Affirmative Defenses to the Verified Complaint of the Plaintiff, hereby respond as follows:

### Parties

1.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 1.

2.    Defendants admit the allegations contained in Paragraph 2.

### Jurisdiction

3.    Defendants neither admit nor deny the allegations contained in Paragraph 3, as they relate to issues of law.

4.    Defendants neither admit nor deny the allegations contained in Paragraph 4, as they relate to issues of law.

**Facts**

5.    Defendants admit so much of Paragraph 5 as alleges that Motiva's business includes being a marketer of gasoline to Shell-branded and Texaco-branded gasoline stations. Defendants deny the remaining allegations contained in Paragraph 5.

6.    Defendants state that the parent corporations of Motiva Enterprises LLC are TMR Company, SOPC Holdings East LLC and Saudi Refining, Inc., and deny the remaining allegations contained in Paragraph 6.

7.    Defendants state that Equiva no longer exists, and deny the remaining allegations contained in Paragraph 7.

8.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 8, and further state that the Purchase and Sale Agreement speaks for itself.

9.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 9.

10.    Defendants admit so much of Paragraph 10 as alleges that Motiva previously entered into a franchise relationship with plaintiff, and further states that the Retail Facility Lease and Retail Sales Agreement speak for themselves. Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 10.

11.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 11, and state that the Retail Facility Lease and Retail Sales Agreement speak for themselves.

12.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 12, and state that the Retail Facility Lease and Retail Sales Agreement speak for themselves.

13.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 13, and further state that the Retail Facility Lease and Retail Sales Agreement speak for themselves.

14.    Defendants admit so much of Paragraph 14 as alleges that Motiva was lessee to the owner of the Premises, and that the end date of the then-operative lease term with the owner was in December 2004. Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 14, and further state that the Retail Facility Lease and Retail Sales Agreement speak for themselves.

15.    Defendants admit that plaintiff accurately transcribed certain provisions of the Retail Facility Lease in Paragraph 15, are without sufficient knowledge or information to form a belief as to the remaining allegations, and further state that the Retail Facility Lease and Retail Sales Agreement speak for themselves.

16.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 16.

17.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 17.

18.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 18.

19.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 19.

20.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 20.

21.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 21.

22.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 22.

23.    Defendants deny the allegations contained in Paragraph 23.

24.    Defendants deny the allegations contained in Paragraph 24.

25.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 25.

26.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 26.

27.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 27.

28.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 28.

29.    Defendants deny the allegations contained in Paragraph 29.

30.    Defendants deny the allegations contained in Paragraph 30.

31.    Defendants deny the allegations contained in Paragraph 31.

32.    Defendants admit so much of Paragraph 32 as alleges that, subsequent to plaintiff's mutual termination of his franchise relationship with Motiva and departure from the premises, a third party began operating the premises. Defendants deny the remainder of the allegations contained in Paragraph 32.

33.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 33.

34.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 34.

35.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 35.

36.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 36.

37.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 37.

38.    Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 38 concerning "Alzimmer," and deny the remaining allegations contained in Paragraph 38.

39.    Defendants deny the allegations contained in Paragraph 39.

40.    Defendants deny the allegations contained in Paragraph 40.

## COUNT I: Misrepresentation

41.     Defendants hereby incorporate their answers to Paragraphs 1 through 40 as their answers to this Paragraph 41 as if fully set forth herein.

42.     Defendants deny the allegations contained in Paragraph 42.

43.     Defendants deny the allegations contained in Paragraph 43.

44.     Defendants deny the allegations contained in Paragraph 44.

45.     Defendants deny the allegations contained in Paragraph 45.

## COUNT II: Tortious Interference with Contractual Relations)

46.     Defendants hereby incorporate their answers to Paragraphs 1 through 45 as their answers to this Paragraph 46 as if fully set forth herein.

47.     Defendants deny the allegations contained in Paragraph 47.

48.     Defendants deny the allegations contained in Paragraph 48.

49.     Defendants deny the allegations contained in Paragraph 49.

## COUNT III: Breach of Contract

50.     Defendants hereby incorporate their answers to Paragraphs 1 through 49 as their answers to this Paragraph 50 as if fully set forth herein.

51.     Defendants neither admit nor deny the allegations contained in Paragraph 51, as they relate to issues of law.

52.     Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 52.

53.    Defendants deny the allegations contained in Paragraph 53.

54.    Defendants deny the allegations contained in Paragraph 54.

## COUNT IV: Petroleum Marketing Practices Act, 15 U.S.C. § 2801 et seq.

55.    Defendants hereby incorporate their answers to Paragraphs 1 through 54 as their answers to this Paragraph 55 as if fully set forth herein.

56.    Defendants admit the allegations contained in Paragraph 56.

57.    Defendants neither admit nor deny the allegations contained in Paragraph 57, as they relate to issues of law.

58.    Defendants deny the allegations contained in Paragraph 58.

59.    Defendants deny the allegations contained in Paragraph 59.

## COUNT V: Breach of Implied Covenant of Good Faith and Fair Dealing

60.    Defendants hereby incorporate their answers to Paragraphs 1 through 59 as their answers to this Paragraph 60 as if fully set forth herein.

61.    Defendants neither admit nor deny the allegations contained in Paragraph 61, as they relate to issues of law.

62.    Defendants neither admit nor deny the allegations contained in Paragraph 62, as they relate to issues of law.

63.    Defendants neither admit nor deny the allegations contained in Paragraph 64, as they relate to issues of law, and further state that the Retail Facility Lease and Retail Sales Agreement speak for themselves.

64.    Defendants deny the allegations contained in Paragraph 64.

65.    Defendants deny the allegations contained in Paragraph 65.

66.    Defendants deny the allegations contained in Paragraph 66.

67.    Defendants deny the allegations contained in Paragraph 67.

68.    Defendants deny the allegations contained in Paragraph 68.

## COUNT VI: Violation of Chapter 93A, Section 11

69.    Defendants hereby incorporate their answers to Paragraphs 1 through 68 as their answers to this Paragraph 69 as if fully set forth herein.

70.    Defendants neither admit nor deny the allegations contained in Paragraph 70, as they relate to issues of law.

71.    Defendants deny the allegations contained in Paragraph 71.

72.    Defendants deny the allegations contained in Paragraph 72.

73.    Defendants deny the allegations contained in Paragraph 73.

74.    Defendants deny the allegations contained in Paragraph 74.

## COUNT VII: Violation of Chapter 93E

75.    Defendants hereby incorporate their answers to Paragraphs 1 through 74 as their answers to this Paragraph 75 as if fully set forth herein.

76.    Defendants neither admit nor deny the allegations contained in Paragraph 76, as they relate to issues of law.

77.    Defendants deny the allegations contained in Paragraph 77.

78.    Defendants deny the allegations contained in Paragraph 78.


## COUNT VIII: Violations of M.G.L. c. 93 and 15 U.S.C. 45

79.    Defendants hereby incorporate their answers to Paragraphs 1 through 78 as their answers to this Paragraph 79 as if fully set forth herein.

80.    Defendants deny the allegations contained in Paragraph 80.

81.    Defendants deny the allegations contained in Paragraph 81.

82.    Defendants deny the allegations contained in Paragraph 82.


## COUNT IX: Violation of M.G.L. c. 184, § 18

83.    Defendants hereby incorporate their answers to Paragraphs 1 through 82 as their answers to this Paragraph 83 as if fully set forth herein.

84.    Defendants neither admit nor deny the allegations contained in Paragraph 84, as they relate to issues of law.

85.    Defendants deny the allegations contained in Paragraph 85.

86.    Defendants deny the allegations contained in Paragraph 86.


## PRAYER FOR RELIEF

Defendants deny that they are liable to plaintiff for any of the relief requested in the Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE TO ALL COUNTS

Plaintiff's Complaint fails to state a claim against defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE TO ALL COUNTS

Plaintiff released all claims relating to his franchise relationship through his execution of a Mutual Termination Agreement and Release.

## THIRD AFFIRMATIVE DEFENSE TO ALL COUNTS

If plaintiff sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of the plaintiff.

## FOURTH AFFIRMATIVE DEFENSE TO ALL COUNTS

Plaintiff failed to mitigate his alleged damages, thereby precluding or reducing Plaintiff's right of recovery, if any, from defendants.

## FIFTH AFFIRMATIVE DEFENSE TO ALL COUNTS

Motiva avers that it has appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE TO ALL COUNTS

Defendants aver that their conduct was not the proximate cause of any alleged injury to Plaintiff.


## SEVENTH AFFIRMATIVE DEFENSE TO ALL COUNTS

Plaintiffs' action is barred in whole or in part by the Statute of Frauds.


Dated:  July 26, 2004


**DEFENDANTS,**
**MOTIVA ENTERPRISES LLC AND**
**EQUIVA SERVICES LLC**
By Their Attorneys

_____
Paul D. Sanson (Fed Bar No. ct05477)
Karen T. Staib (Fed. Bar. No. ct21119)
Gregg P. Goumas (BBO #643661)
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103-1919
(860) 251-5000


## CERTIFICATE OF SERVICE

I, Gregg P. Goumas, hereby certify that on this 26th day of July, 2004, I served a copy of the foregoing memorandum of law on all parties to this action by mailing same, via First Class Mail, postage prepaid, to all counsel of record.

Signed under the pains and penalties of perjury.

_____
Gregg P. Goumas


376729 v.01 S1

- 11 -