UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS R. SUTTILL, JR., <br> D/B/A FRAMINGHAM SHELL, <br><br> Plaintiff, <br><br> v. <br><br> MOTIVA ENTERPRISES LLC <br> AND EQUIVA SERVICES LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 04-CV-11194 RWZ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## REPORT OF PARTIES' RULE 26(f) PLANNING CONFERENCE

The plaintiff, Thomas R. Suttill, Jr., d/b/a/ Framingham Shell, and the defendants, Motiva Enterprises LLC ("Motiva") and Equiva Services LLC ("Equiva"), hereby submit the following report of their planning conference conducted pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. This Report has been prepared in accordance with Form 35 contained in the Appendix to the Federal Rules of Civil Procedure.

1. **Dates of Conference**

   Pursuant to Rule 26(f), telephone conferences were held over a series of dates culminating on August 18, 2004, and was attended by Attorney Jennifer O'Brien for plaintiff, and Attorney Karen T. Staib for both defendants.

2. **Pretrial Disclosures**

   The parties will exchange the information required by Rule 26(a)(1) by September 8, 2004.

3. **Discovery Plan**

By way of introduction, it should be noted that defendants anticipate filing a motion for summary judgment on all claims on the basis that plaintiff previously executed a Mutual Termination Agreement and Release, which includes a general release of all claims by plaintiff. Defendants believe that discovery should be conducted in two phases, the first of which will address any claims by plaintiff disputing the enforceability and effect of the general release contained in the Mutual Termination Agreement and Release ("Phase One"), and the second of which will address plaintiff's affirmative claims contained in his Complaint and defendants' remaining affirmative defenses ("Phase Two"). Within 30 days of the completion of Phase One, defendants agree either to file a motion for summary judgment on all claims in light of the executed Mutual Termination Agreement and Release, or if it appears from discovery that such a motion cannot be filed in good faith, to so notify the plaintiff and the Court, and the parties can proceed immediately to Phase Two of fact discovery. Defendants expect that conducting discovery in two phases will greatly minimize the time and expense associated with the adjudication of this action.

Accordingly, the parties jointly propose to the Court the following discovery plan:

a. Discovery will be needed on the following subjects:

   i. Plaintiffs' claims under the nine counts of its complaint; and

   ii. Defendants' affirmative defenses thereto, which defenses include plaintiff having signed a Mutual Termination Agreement and Release.

b. All Phase One fact discovery will be completed by December 23, 2004. All Phase Two fact discovery will be completed in a six (6) month period beginning either with

any denial of defendants' anticipated summary judgment motion or with notification by defendants at the close of Phase One that they will not be filing a summary judgment motion concerning the execution of the Mutual Termination Agreement and Release.

    c.    During Phase One, a maximum of 25 interrogatories may be served by each party to any other party, a maximum of 50 requests for admission may be served by each party to any other party, a maximum of 8 depositions may be taken by plaintiffs and a maximum of 8 depositions may be taken by defendants.

    d.    During Phase Two, an additional maximum of 25 interrogatories may be served by each party to any other party, an additional maximum of 50 requests for admission may be served by each party to any other party, an additional maximum of 8 depositions may be taken by plaintiffs and an additional maximum of 8 depositions may be taken by defendants.

    e.    Each deposition will be limited to a maximum of seven hours unless extended by agreement of the parties.

    f.    Reports from retained experts under Rule 26(a)(2) will be due from plaintiff 45 days after the close of Phase Two of fact discovery, and depositions of these experts shall be completed 45 days after the production of the reports. Reports from defendants' experts will be due 45 days after the completion of the depositions of plaintiff's experts, and depositions of defendants' retained experts shall be completed 45 days after the production of any reports by defendants' experts.

    g.    Supplementation under Rule 26(e) will be due 30 days prior to the final pretrial conference to be scheduled by the Court.

4. **Other Items**

   a. The parties request a conference with the Court before entry of the scheduling order, which conference is scheduled for August 25, 2004.

   b. At this time, the parties do not anticipate joining additional parties or amending the pleadings. Any such joinder or amendments will be completed by September 24, 2004.

   c. All potentially dispositive motions concerning the enforceability and/or effect of the general release contained in the Mutual Termination Agreement and Release previously executed by plaintiff should be filed by January 24, 2005. All other dispositive motions should be filed 30 days after the deadline for completion of expert depositions.

   d. Settlement is not likely at this time, and the potential for settlement cannot further be evaluated prior to the conclusion of Phase One of fact discovery. To the extent the parties determine that a formal settlement conference will be useful, any party may request such conference by motion to the Court.

   e. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from plaintiffs 60 days after the production of any reports by defendants' experts, and from defendants, 30 days thereafter.

   f. Parties should have 30 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

   g. The case should be ready for trial 30 days after service of final lists of witnesses and exhibits. The parties estimate at this time that trial is expected to take 5-7 days.

Dated: August 18, 2004

PLAINTIFF,
THOMAS R. SUTTILL, JR.,
D/B/A FRAMINGHAM SHELL,
By Their Attorneys,

_/s/ Jennifer A. O'Brien_
Ronald M. Davids (BBO #115110)
Jennifer A. O'Brien (BBO #644477)
DAVIDS & SCHLESINGER, LLP
40 Washington Street, Suite 250
Wellesley, MA 02482


DEFENDANTS,
MOTIVA ENTERPRISES LLC AND
EQUIVA SERVICES LLC
By Their Attorneys,

_/s/ Paul D. Sanson_
Paul D. Sanson (Fed Bar No. ct05477)
Karen T. Staib (Fed. Bar. No. ct21119)
Gregg P. Goumas (BBO #643661)
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103-1919
(860) 251-5000

## CERTIFICATE OF SERVICE

I, Jennifer A. O'Brien, hereby certify that on this 18th day of August, 2004, I served a copy of the foregoing on all parties to this action by mailing same, via First Class Mail, postage prepaid, to all counsel of record.

Signed under the pains and penalties of perjury.

_/s/ Jennifer A. O'Brien_
Jennifer A. O'Brien

379571 v.01 S1