UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS R. SUTTILL, JR.,<br>D/B/A FRAMINGHAM SHELL,<br><br>Plaintiff,<br><br>v.<br><br>MOTIVA ENTERPRISES LLC<br>AND EQUIVA SERVICES LLC,<br><br>Defendants. | Civil Action No. 04-CV-11194 RWZ |

## JOINT MOTION FOR PROTECTIVE ORDER

The parties in the above-captioned action hereby jointly move that the Court enter the proposed Protective Order attached hereto as Exhibit A. It is further stipulated and agreed that pending formal approval by the Court, the attached Protective Order shall govern the conduct of the parties and any confidential documents produced by either party in advance of entry by the Court shall be subject to its terms.

Dated: December 22, 2004

PLAINTIFF,
THOMAS R. SUTTILL, JR.,
D/B/A FRAMINGHAM SHELL
By His Attorneys,

_____
Jennifer A. O'Brien (BBO# 644477)
DAVIDS & SCHLESINGER, LLP
40 Washington Street, Suite 250
Wellesley, MA 02482
(781) 416-5055

DEFENDANTS,
MOTIVA ENTERPRISES LLC AND
EQUIVA SERVICES LLC
By Their Attorneys

_____
Paul D. Sanson (Fed Bar No. ct05477)
Karen T. Staib (Fed. Bar. No. ct21119)
Gregg P. Goumas (BBO #643661)
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103-1919
(860) 251-5000

- 2 -

## CERTIFICATE OF SERVICE

I, Karen T. Staib, hereby certify that on this 3rd day of January, 2005, I served a copy of the foregoing Joint Motion on all parties to this action by mailing same, via U.S. Mail, to all counsel of record. Signed under the pains and penalties of perjury.

*[signature]*
Karen T. Staib

390069 v.01 S1



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS R. SUTTILL, JR., <br> D/B/A FRAMINGHAM SHELL, <br><br> Plaintiff, <br><br> v. <br><br> MOTIVA ENTERPRISES LLC <br> AND EQUIVA SERVICES LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 04-CV-11194 RWZ <br> ) <br> ) <br> ) <br> ) <br> ) |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED:

1. As used herein, the term "documents" includes documents or other materials within the definition used in Rule 34 of the Federal Rules of Civil Procedure which are produced by any party or otherwise made available by any party in this action.

2. As used herein, the term "attorneys" includes each party's attorneys of record in these proceedings, their partners and associates, and clerks, assistants and other persons employed by such attorneys, all of whom shall be bound by the provisions of this order to the same extent as the attorneys of record.

3. The party producing a document may designate all or any portion thereof as "Confidential." Confidentiality may be claimed with respect to documents of the following types, but this paragraph shall not be deemed to exclude any type of classification of

documents for which confidentiality is claimed by the party producing the documents: (i) documents containing information of a financial nature; (ii) documents containing information which is confidential and/or proprietary; (iii) documents containing information relating to the party's policies, procedures and/or contracts; (iv) documents containing information relating to the party's pricing; (v) documents containing information relating to the party's products, techniques and/or know how; and (vi) documents relating to a party's trademarks or trade names.

4. Attorneys for any party obtaining confidential documents from the other party shall not disclose such documents to any other person except: (a) other attorneys for that party; (b) persons retained by a party or attorneys to any party to assist in the preparation for or the conduct of these judicial proceedings such as independent accountants, statisticians, economists or other experts; and (c) those directors, officers, agents, servants and employees of parties to this action who are assisting in the preparation for or the conduct of these judicial proceedings.

5. All persons described in Paragraphs 4(b) and (c) shall be informed of the terms of this Protective Order prior to disclosure to them of any confidential documents and shall agree to be bound by such terms.

6. Confidential material shall not be used or disclosed, in whole or in part, directly or indirectly, by any person granted access thereto or disclosure thereof under or as the result of this Protective Order, for any purpose or to any person or entity whatsoever, except insofar as and to the extent that (i) such use or disclosure is reasonably required in the preparation and/or trial of this action, and (ii) such use or disclosure complies fully with all provisions of this Protective Order.

7. Confidential Documents shall be used solely for the purpose of litigation of this action, and none of said Confidential Documents shall be used by or on behalf of any party for business, commercial or competitive purposes.

8. Confidential Documents may be used without further order of this Court in connection with the deposition of any person; provided, however, that attorneys for the opposing party shall be informed in advance of the intent of any party to use such documents at a deposition and shall have the right to assert the protection of this Protective Order at any deposition, and if such protection is so asserted, such documents shall either not be used at that deposition until this Court so orders or shall be used only in the manner described in Paragraph 9 of this Order.

9. Any portions of deposition transcripts (including exhibits thereto) in which use or reference is made to Confidential Documents or to information generated from Confidential Documents are to be used and treated as Confidential Documents in the manner described in Paragraphs 4-8 of this order, except that deposition transcripts may be filed with the Court under seal and subject to such other conditions as the Clerk deems necessary to safeguard the confidentiality of the information.

10. This Protective Order shall remain in full force unless and until replaced by another protective order of this Court.

11. At any time during the course of this litigation, attorneys for any party, for good cause and upon notice to the other party, may request this Court to remove the effect of the Protective Order as to any designated Confidential Documents. Any request shall be made to the Court which issued this Protective Order.

12.     Upon final termination of this action, including all appeals therefrom, attorneys for any party in this action shall assemble and return to the opposing party all Confidential Documents obtained by them under the provisions of this Protective Order, unless otherwise ordered by the Court or as otherwise agreed by the opposing party.

IT IS SO ORDERED.

_____
RYA W. ZOBEL, United States District Judge

Dated:_____

390069 v.01