UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS R. SUTTILL, JR., D/B/A, FRAMINGHAM SHELL,<br><br>    Plaintiff<br><br>v.<br><br>MOTIVA ENTERPRISES, LLC AND EQUIVA SERVICES, LLC<br><br>    Defendants | ) ) ) ) ) ) CIVIL ACTION NO.: 04-CV-11194 RWZ ) ) ) ) ) ) ) |

### THE PLAINTIFF'S ASSENTED TO
### EMERGENCY MOTION TO CONTINUE TRIAL

This case arises out of the Petroleum Marketing Practices Act ("PMPA"). The plaintiff, Thomas R. Sutill, Jr. d/b/a Framingham Shell, hereby moves to continue the trial[1] in the above-captioned matter, which is scheduled to begin on March 14, 2005, to March 22, 2005 or thereafter. As grounds for his motion, the plaintiff, by and through his attorneys, has just learned that Eric Knapp, an essential third party witness for Mr. Suttill's direct case[2], is out of the country and will not return until March 21, 2005.[3] Because Mr. Knapp is a key witness in this case, the plaintiff respectfully requests that the trial be continued just until Mr. Knapp returns to the United States. The defendants, by and through counsel, assent to this motion.

In further support of this motion, the plaintiff states as follows:

---

[1] The trial in this case is limited to the issue of the enforceability of a Mutual Termination Agreement and Release.
[2] Mr. Knapp is also included on the defendants' potential witness list as set forth in the pre-trial memorandum.
[3] Refer to the Affidavit of Jennifer A. O'Brien attached hereto.

One of the plaintiff's main defenses to the enforcement of the Mutual Termination Agreement and Release ("the Agreement") is that it was obtained by fraud. Specifically, it is the plaintiff's position that Motiva Enterprises, LLC ("Motiva") misrepresented to Mr. Suttill the status of the property lease ("the Lease")[4] between Motiva and third party landlord, Framingham-Franklin, LLC, thereby causing Mr. Suttill to sign the Agreement under the false belief that the Lease would not be renewed after December, 2004. Witness Eric Knapp, as representative of landlord, has direct knowledge of the status of the Lease at all relevant times as Mr. Knapp negotiated the terms of the Lease renewal with Motiva. Mr. Knapp also possesses documents that were not produced by Motiva during discovery regarding said Lease negotiations. These documents are germane to Mr. Suttill's defenses and include electronic mail and correspondence between Mr. Knapp and representatives of Motiva, as well as notes that Mr. Knapp created during the Lease negotiation period.

In light of the foregoing, Mr. Knapp has direct knowledge of key issues in this case, making his testimony essential at trial. However, since Mr. Knapp is not a party to this case, his unavailability during the week of March 14, 2005 is completely outside of the control of either the plaintiff or the defendants. Therefore, the plaintiff respectfully requests that the trial be continued just until Mr. Knapp returns to the United States.

It should also be noted that, at the pre-trial conference, the parties submitted a joint pre-trial memorandum to the Court. In the memorandum, the parties agreed to

---

[4] Mr. Suttill's service station was subject to an underlying lease between Motiva and third party landlord Framingham Franklin, LLC.

distinguish between witnesses the parties "will call" versus witnesses the parties "may call" at trial.[5] Mr. Suttill included Eric Knapp in his "will call" witness list. Accordingly, Mr. Suttill always intended to call on Mr. Knapp in his direct case due to Mr. Knapp's direct knowledge regarding the status of the Lease at the time of the termination of Mr. Suttill's franchise.

In light of the foregoing, Mr. Suttill respectfully requests that the Court continue the trial until March 22, 2005 or thereafter so that Mr. Knapp may testify at trial. As set forth herein, Mr. Knapp's testimony is essential to key issues at trial, and the plaintiff only seeks a short continuance until Mr. Knapp returns to the United States.

---

[5] Refer to the Joint Pre-Trial Memorandum previously filed with this Court.

WHEREFORE, the plaintiff respectfully requests that the Court:

(1) Grant the plaintiff's emergency motion for a continuance;

(2) Continue the trial until March 22, 2005 or to a later time convenient for the Court and the parties; and

(3) Grant all further just relief.

THOMAS SUTTILL, JR. D/B/A
FRAMINGHAM SHELL

By His Attorneys,

DAVIDS & SCHLESINGER, P.C.

_____
Ronald M. Davids
Jennifer A. O'Brien
Thomas J. Schlesinger
40 Washington Street – Suite 250
Wellesley, MA 02482
(781) 416-5055
BBO No.: 115110
BBO No.: 644477
BBO No.: 546226

## CERTIFICATE OF SERVICE

I, Jennifer A. O'Brien, hereby certify that a true copy of the above document was served upon the attorney for the defendants by facsimile and mail on March 6, 2005.

_____
Jennifer A. O'Brien

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS R. SUTTILL, JR., D/B/A, FRAMINGHAM SHELL,<br><br>Plaintiff<br><br>v.<br><br>MOTIVA ENTERPRISES, LLC AND EQUIVA SERVICES, LLC<br><br>Defendants | ) ) ) ) ) ) CIVIL ACTION NO.: 04-CV-11194 RWZ ) ) ) ) ) ) ) |

**AFFIDAVIT OF JENNIFER A. O'BRIEN**

I, Jennifer A. O'Brien, hereby depose and say:

1. I am an associate at the law firm of Davids & Schlesinger, 40 Washington Street, Suite 250, Wellesley, Massachusetts.

2. I am the attorney for the plaintiff, Thomas Suttill, Jr., in the above-captioned matter.

3. I arranged for service of a subpoena in hand on third party witness Eric Knapp at his workplace, Plaza Properties located in Worcester, Massachusetts, to compel his appearance at trial on March 14, 2005.

4. I received a phone call late Friday afternoon, March 4, 2005 from Michelle of Plaza Properties in response to the subpoena I had arranged to serve on Mr. Knapp.

5. Michelle told me that Eric Knapp is currently out of the country and will not return to the United States until March 21, 2005.

6. After learning that Eric Knapp is out of the country, I called Attorney Karen Staib, counsel for the defendants, to inquire as to whether the defendants would assent to a motion to continue the trial until Mr. Knapp returned to the United States.

1

7. I received a voicemail message on Saturday, March 5, 2005 from Attorney Staib confirming that the defendants assent to the plaintiff's motion to continue the trial until Mr. Knapp returns to the United States.

Signed under the pains and penalties of perjury this 6th day of March, 2005.

                                                          Jennifer A. O'Brien

2