UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS R. SUTTILL, JR., <br> D/B/A FRAMINGHAM SHELL, <br><br> Plaintiff, <br><br> v. <br><br> MOTIVA ENTERPRISES LLC <br> AND EQUIVA SERVICES LLC, <br><br> Defendants. | Civil Action No. 04-CV-11194 RWZ |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO TAKE THE VIDEOTAPED DEPOSITON OF JOYCE SUTTILL FOR USE AT TRIAL

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the defendants, Motiva Enterprises LLC and Equiva Services LLC, hereby oppose plaintiff's March 14, 2005 Emergency Motion For Leave to Take The Videotaped Deposition of Joyce Suttill For Use at Trial. In support of this opposition, defendants submit as follows:

1. Joyce Suttill is a non-party witness, and the mother of plaintiff. Defendants took her deposition on January 18, 2005. Counsel for plaintiff was present and permitted to cross-examine Ms. Suttill at that deposition. The deposition transcript subsequently was produced by the court reporter, and Ms. Suttill thereafter completed an errata sheet with respect to the transcript of her deposition.

2. Rule 30(a)(2) provides in relevant part that: "[a] party must obtain leave of court, which shall be granted *to the extent consistent with the principles stated in Rule*

26(b)(2),[1] if . . . without the written stipulation of the parties, . . . (B) the person to be examined already has been deposed in the case" (emphasis added). As Ms. Suttill was already deposed in this action only two months ago – and plaintiff's stated intent is to depose her a second time on issues that were already covered in her first deposition – it would be improper to impose on defendants the time and expense of participating in a second, duplicative deposition, particularly now on the eve of trial, and prejudicial to allow plaintiff to "redo" the prior deposition, this time on videotape.

3.  Notwithstanding Rules 26(b)(2) and 30(a)(2), plaintiff argues that Ms. Suttill's deposition should be taken a second time because the transcript of Ms. Suttill's first deposition is lengthy and addresses other topics besides those which plaintiff would ask Ms. Suttill about at trial.[2] Obviously, if plaintiff would like to admit testimony of a witness who is unavailable under the applicable evidentiary rules,[3] the appropriate mechanism already exists: plaintiff may seek to present relevant portions of Ms. Suttill's already-existing deposition transcript at trial.

---

[1] Rule 26(b)(2) provides in relevant part that: "The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

[2] Defendants note that plaintiff's characterization of Ms. Suttill's anticipated testimony and the events surrounding plaintiff's execution of the Mutual Termination Agreement and Release are just that – a characterization. As the precise facts and deposition testimony of witnesses concerning those events are not germane to the resolution of this opposition, defendants will not address plaintiff's characterizations at length, except to state that defendants dispute plaintiff's characterization of events and communications, as will be more fully addressed at trial.

[3] Plaintiff does not specify in his Motion the basis for Ms. Suttill's purported unavailability, therefore, defendants cannot address that issue in this Opposition. Defendants reserve the right to seek to exclude Ms. Suttill's deposition testimony in its entirety at trial if Ms. Suttill's "unavailability" does not satisfy the requisite evidentiary requirements, including in particular those regarding use of the deposition of a non-party witness pursuant to Rule 32(a)(3) of the Federal Rules of Civil Procedure.

Perhaps most troubling is that plaintiff is attempting, now having had the benefit of the earlier deposition taken by defendants, to redo and repackage Ms. Suttill's testimony on videotape.

4.   Moreover, to the extent Ms. Suttill is apparently unavailable for trial on March 21, 2005, that conflict is a problem of plaintiff's own making. The Court rescheduled trial to begin on March 21, 2005, because it was the date requested in plaintiff's March 6, 2005 Assented To Emergency Motion To Continue Trial. Plaintiff having sought the very continuance that led the Court to reschedule trial to a date that plaintiff requested, he should not now be permitted to redo the deposition and impose additional expense and inconvenience on the defendants.

**WHEREFORE,** defendants respectfully submit that good cause does not exist pursuant to Rules 26 and 30 for the Court to permit plaintiff to take a duplicate deposition of Ms. Suttill, and plaintiff's motion should therefore be denied.

Dated: March 15, 2005

DEFENDANTS,
MOTIVA ENTERPRISES LLC AND
EQUIVA SERVICES LLC
By Their Attorneys

*/s/ Karen T. Staib*

Paul D. Sanson (Fed Bar No. ct05477)
Karen T. Staib (Fed. Bar. No. ct21119)
Gregg P. Goumas (BBO #643661)
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103-1919
(860) 251-5000

## CERTIFICATE OF SERVICE

I, Karen T. Staib, hereby certify that on this 15th day of March 2005, I served a copy of the foregoing on all parties to this action by mailing same, via electronic mail and via U.S. Mail, to all counsel of record. Signed under the pains and penalties of perjury.

*/s/ Karen T. Staib*
Karen T. Staib

397469 v.01